**NEWARK STEREOTYPERS' UNION NO. 18, a Subordinate Union of the International Stereotypers' and Electrotypers' Union**

v.

**NEWARK MORNING LEDGER CO., and Newark Newspaper Publishers' Association, Appellants.**

**No. 15689.**

United States Court of Appeals
Third Circuit.

Argued Nov. 29, 1965.

Decided Dec. 6, 1965.

---

2. The plaintiff here will collect in any event since his policy contains an uninsured motorist endorsement.

Harold Krieger, Jersey City, N. J., for appellants.

Thomas L. Morrissey, Newark, N. J., for appellee.

Before HASTIE, GANEY and FREEDMAN, Circuit Judges.

PER CURIAM:

A dispute between a labor union and a newspaper publisher, concerning the number of journeyman stereotypers that should be assigned to man certain new plate-casting machinery soon to be installed in the publisher's plant, has resulted in the present suit by the union asking that the district court compel the publisher to submit the controversy to arbitration and that the court restrain the prospective operation of this new machinery pending arbitration. On motion of the union, the court issued an interim order providing in principal part "that the said defendants * * * are hereby enjoined and restrained from operating the M.A.N. stereotype plate-casting machine, unless the defendants employ at least two journeyman stereotypers in the operation of said machine pending determination by this Court of the prayers for relief in the amended complaint filed herein. * * *" The court made no findings of fact to justify or support this order. The publisher has appealed.

Rule 52(a), Federal Rules of Civil Procedure, expressly requires that "in granting or refusing interlocutory injunctions the court shall * * * set forth the findings of fact and conclusions of law which constitute the grounds of its action." Similarly, Rule 65(d) provides that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issu-ance." The appellee argues that the present order is merely a "stay" and therefore, is not covered by the quoted rules. We find it clear on the face of the order that it is an injunction issued without compliance with the controlling rules.

The order will be vacated and the cause remanded for further proceedings consistent with this opinion.